UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BARTON DePAUL,

                    Plaintiff,

        -against-                                    6:10-CV-00813 (LEK/ATB)

JAMES HELMER,

                    Defendant.

_____

## **MEMORANDUM-DECISION and ORDER**

### I.    INTRODUCTION

Plaintiff Barton DePaul ("Plaintiff" or "DePaul"), proceeding *pro se* and *in forma pauperis*, commenced this § 1983 civil rights action by filing a Complaint on July 6, 2010.  Dkt. No. 1 ("Complaint").  Plaintiff then filed an Amended Complaint on July 28, 2010.  Dkt. No. 8 ("Amended Complaint").  Defendant James Helmer, an investigator with the Oneida County District Attorney's Office ("Defendant" or "Investigator Helmer") filed an Answer to the Complaint on August 9, 2010.  Dkt. No. 12 ("Answer").  On April 6, 2011, United States Magistrate Judge Andrew T. Baxter ordered Defendant to file an answer or otherwise respond to Plaintiff's Amended Complaint by April 30, 2011.  Dkt. No. 31.  Presently before the Court is Defendant's Motion to dismiss Plaintiff's Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6).[1]  Dkt. No. 35-1

_____

[1]  The Court notes that Plaintiff's Amended Complaint was filed before Defendant filed his Answer to Plaintiff's initial Complaint, and well before Defendant filed the present Motion.  Absent leave of the Court, Defendant's Motion would have been well beyond the time limits for responsive pleadings prescribed by Fed. R. Civ. P.12(a).  However, this time limit may be extended by Court order, see Fed. R. Civ. P. 6(b), and Magistrate Judge Baxter directed Defendant to respond by Order filed April 6, 2011.  Dkt. No. 31.  In any event, because Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) directs the Court to "dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted."

("Motion").  Plaintiff filed a Response in opposition to Defendant's Motion, and Defendant filed a

Reply.  Dkt. Nos. 42 ("Response"), 43 ("Reply").

## II.   BACKGROUND

Plaintiff claims that on May 19, 2010, Investigator Helmer ordered his arrest "on charges of

no merit."  Am. Compl. at 4.  Plaintiff alleges that he had been "helping [Investigator] Helmer on a

cold murder case."  Id. at 5.  Plaintiff appears to claim that Helmer "falsely accused" Plaintiff of

pulling a "B-B gun" on him, and "lied to get [him] indicted."  Dkt. No. 8-1 ("Am. Compl. Ex. 1") at

1.  Plaintiff also alleges that his Fourteenth Amendment rights were violated by Investigator Helmer

"because he lied on court minutes trying to bury me in prison."  Am. Compl. at 5.  Plaintiff also

alleges that Investigator Helmer released information about Plaintiff's cooperation with the District

Attorney's Office to the media, thereby "label[ing him] as a rat informant . . . and now fighting to

get [him] killed."  Id.  Plaintiff alleges that this led to a fight with another inmate, resulting in

injuries to Plaintiff.  Id.

Plaintiff submitted the Oneida County grand jury indictment that arose out of the "B-B gun"

incident, in which Plaintiff was charged with third degree criminal possession of a weapon, second

degree menacing, and second degree aggravated harassment.  Id. at 7; Am. Compl. Ex. 1 at 5.  The

indictment states that Plaintiff "pointed what appeared to be a pistol or other firearm at Oneida

County District Attorney's Chief Investigator James Helmer and stated, 'Give me all your money,

you [expletive].'"  Am. Compl. at 7.  However, Plaintiff claims that he "was just bustin chops.

After [eighteen] months of James Helmer doing it to me I thought I could do it to James."  Am.

Compl. Ex. 1 at 1.

The Court takes judicial notice of Plaintiff's conviction arising out of this arrest and

indictment, as well as his continued incarceration at Fishkill Correctional Facility.[2]  See Wingate v. Gives, No. 05 Civ. 1872, 2008 WL 5649089, at *3 n.7 (S.D.N.Y. Apr. 13, 2008) (taking judicial notice of conviction); Williams v. City of New York, No. 07 Civ. 3764, 2008 WL 3247813, at *2 (S.D.N.Y. Aug. 7, 2008) (taking judicial notice of continued incarceration).

## III.    STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept all [factual] allegations in the complaint as true and draw all inferences in the light most favorable to" the non-moving party.  In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).  "Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered."  Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (citations omitted).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1249.  Additionally, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Id.

---

[2]  This information was obtained on March 19, 2012 via the New York State Department of Corrections and Community Supervision Inmate Population Information Search page, located at http://nysdoccslookup.doccs.ny.gov/.

Finally, the Court is mindful of the principle that a *pro se* litigant's papers are to be construed liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (citations omitted).  Accordingly, the Court must interpret Plaintiff's submissions to "raise the strongest arguments that they suggest."  Dias v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (internal quotation and citation omitted).  At the same time, the Court is "not obliged to reconcile [a *pro se*] plaintiff's own pleadings that are contradicted by other matter asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint."  Koulkina v. City of New York, 559 F. Supp. 2d 300, 314 (S.D.N.Y. 2008) (quotation and citations omitted).  Where such a contradiction exists, the *pro se* plaintiff's allegations "are insufficient to defeat a motion to dismiss." Id.

IV.    **DISCUSSION**

Reading Plaintiff's Amended Complaint liberally, Plaintiff appears to assert § 1983 causes of action for: (1) false arrest; (2) denial of the right to a fair trial; and (3) conspiracy.  The Court addresses each of these claims in turn.

   **A. False Arrest**

Plaintiff claims that Defendant ordered his arrest "on charges of no merit."  Am. Compl. at 4.  "To state a claim under § 1983 for false arrest, the plaintiff must show a violation of his Fourth Amendment right to remain free from unreasonable seizures, 'which includes the right to remain free from arrest absent probable cause.'"  Barmapov v. Barry, No. 09-CV-3390, 2011 WL 32371, at *4 (E.D.N.Y. Jan. 5, 2011) (quoting Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006)).  "The existence of probable cause to arrest . . . 'is a complete defense to an action for false arrest.'" Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (quoting Bernard v. United States, 25 F.3d 98,

4

102 (2d Cir. 1994)); see also Cameron v. Wise, No. 09 Civ. 967, 2011 WL 1496341, at *5 (S.D.N.Y. Apr. 20, 2011).  "[A] conviction of the plaintiff following the arrest is viewed as establishing the existence of probable cause."  Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986).  Because Plaintiff was subsequently convicted, there was probable cause for his arrest and his claim for false arrest is insufficient as a matter of law.

**B.  Right to a Fair Trial**

Plaintiff's claim that Defendant lied in court to secure his conviction – thereby violating his Fourteenth Amendment right to a fair trial – is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that "if a judgment in favor of the plaintiff [in a § 1983 suit] would necessarily imply the invalidity of his conviction or sentence[,] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.  Here, Plaintiff's claim that Defendant's testimony was perjured would clearly implicate the validity of his conviction.  See, e.g., Perez v. Cuomo, No. 09-CV-1109, 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("A § 1983 claim for the violation of the due process right to a fair trial is, in essence, a claim for damages attributable to an unconstitutional conviction.") (citations and quotations omitted).  As Plaintiff has not demonstrated that his conviction has already been invalidated, and as the Court's inquiry confirms that he is still incarcerated on these charges, Plaintiff's fair trial claim is dismissed pursuant to Heck.[3]

**C.  Conspiracy**

_____

[3]  Such dismissal is without prejudice, as "the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"  Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) (citing Heck, 512 U.S. at 487).

Plaintiff alleges that Investigator Helmer disclosed to the media that Plaintiff was acting as an informant for the District Attorney's Office, and that Plaintiff was attacked by another inmate as a result.  Reading the Amended Complaint liberally, Plaintiff appears to assert that Investigator Helmer conspired with a private actor to cause him harm.  To state a claim of conspiracy pursuant to § 1983, a plaintiff must sufficiently allege: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that and causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999).  Here, Plaintiff fails to state a plausible claim for relief.  Beyond mere conclusory statements, he pleads no facts that support even an inference that Defendant was working in concert to cause harm to Plaintiff.[4]  Accordingly, this claim is dismissed for failure to state a claim upon which relief may be granted.

The Court notes that a *pro se* action should generally not be dismissed without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugo, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  However, such leave is not required where any amended complaint would be futile due to the substantive nature of the fatal flaws in the original complaint.  Id.  Further, leave may be denied where a plaintiff has already amended his or her complaint once.  Yang v. New York

---

[4]   The Court notes that Plaintiff brought a similar claim against a different defendant in another civil action in this District.  See DePaul v. McNamara, No. 6:10-CV-1123, Dkt. No. 1 (N.D.N.Y. filed Sept. 20, 2010).  There, he claimed that District Attorney Scott McNamara had conspired with Investigator Helmer "for Plaintiff's murder by wrongfully disclosing that Plaintiff 'worked for' the District Attorney's Office apparently as an informant." Id., Dkt. No. 7 (report-recommendation).  This claim was found to be implausible, and dismissed for failure to state a claim upon which relief may be granted.  Id., Dkt. No. 8 (adopting report-recommendation).

City Trans. Auth., 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002).  Here,

Plaintiff has already submitted one Amended Complaint, and the flaws in that Amended Complaint

are substantive in nature such that better pleading would not cure them.  As a result, it would be

futile to afford Plaintiff an additional opportunity to amend his pleading.

**V.      CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 35) to dismiss Plaintiff's Amended

Complaint is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 8) is **DISMISSED** without

prejudice; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**


DATED:      March 21, 2012
            Albany, New York



Lawrence E. Kahn
U.S. District Judge